COREY COBENA AND DAJONIC SMITH

VERSUS

ACE AMERICAN INSURANCE COMPANY
BFI WASTE SERVICES, LLC AND
VINICIO ARDON

NO. 21-CA-630

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 782-290, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

August 03, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Hans J. Liljeberg

<u>**AMENDED, AND AFFIRMED AS AMENDED**</u>
 **SJW**
 **MEJ**
 **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CORY COBENA
     Erin A. Fisher
     Jacqueline F. Maloney

COUNSEL FOR DEFENDANT/APPELLEE,
ACE AMERICAN INSURANCE COMPANY, BFI WASTE SERVICES, LLC
AND VINICIO ARDON
     Francis H. Brown, III

**WINDHORST, J.**

In this personal injury action, plaintiff/appellant, Cory Cobena, appeals the trial court's judgment awarding him $35,000.00 in general damages and $10,000.00 in past medical expenses for his soft tissue injuries and finding he did not suffer a traumatic brain injury. For the following reasons, we amend the award for past medical expenses to $14,806.14 and affirm in all other respects.

**FACTS and PROCEDURAL HISTORY**

This case involves an automobile accident that occurred on the afternoon of June 28, 2017, in which Vinicio Ardon rear-ended Cobena. On April 3, 2018, Cobena and one of his passengers, Dajonic Smith, filed suit against Ardon, Ardon's employer, BFI Waste Services, LLC, and BFI's insurer, ACE American Insurance Company, alleging Ardon's negligence caused the accident. Plaintiffs claimed that the accident caused them to suffer injuries to their entire bodies, mental anguish, inconvenience, and aggravation as a result of the accident.

The accident occurred while plaintiffs were traveling west in the inside or left lane of Highway 90. Ardon was traveling in same direction as plaintiffs in the outside or right lane of Highway 90 and following an 18-wheeler truck. Because the 18-wheeler in front of Ardon slowed down to turn off the highway, Ardon switched into the left lane to pass it. When he did so, Ardon rear-ended plaintiffs' vehicle which had slowed down to make a U-turn. After rear ending plaintiffs, Ardon swerved off and hit an eighteen-wheeler.

A two-day trial in this matter commenced on April 5, 2021 regarding Cobena's claims. Cobena attempted to prove that he suffered a cervical herniation and a lumbar herniation, a traumatic brain injury, and an injury to his left thumb. Although Cobena presented substantial medical testimony and records regarding his alleged injuries, Cobena's credibility was severely questioned. The following was revealed at trial.

Ardon testified that, after the accident, he walked over to Cobena's vehicle to check on the occupants and observed that Cobena was conscious and was speaking to the passengers in the vehicle. EMS transported Cobena and his passengers to University Medical Center in an ambulance. EMS personnel noted that Cobena denied losing consciousness during the accident. On the way to UMC, EMS personnel administered to Cobena a Glasgow Coma Scale which is a test used to evaluate a person's level of consciousness and to test for a traumatic brain injury. Cobena's score on all four tests was normal.

At UMC, Cobena had a number of x-rays and CT scans done on his head, lumbar spine, cervical spine, abdomen, pelvis, and chest. None of them revealed an acute abnormality. The CT imaging showed that the cervical spine had degenerative changes and a bulging disc but no acute abnormality. At UMC, Cobena also denied hitting his head and any loss of consciousness. Cobena was discharged from UMC emergency the same day as the accident without focal neurological deficits, evidence of head trauma, or a TBI diagnosis.

At trial, Cobena presented substantial medical records and testimony from several doctors regarding his injuries. While Cobena's treating physicians related his alleged injuries to the 2017 accident, it was clear from the evidence and testimony that his treating physicians had substantially incomplete information regarding Cobena's medical history and activities in making their diagnoses. For example, Cobena's physicians were unaware that he had been injured in a previous accident on December 11, 2015 or that he had previously suffered severe neck and back pain. The physicians were also unaware that after the 2017 accident Cobena was operating a holiday light business which required him to climb ladders onto roofs and hang lights, an internet sales business, and an automobile repair shop. Cobena's physicians were also unaware that he engaged in boxing.

On September 25, 2017, Dr. Peter Liechty, a neurosurgeon, first examined Cobena. Cobena told Dr. Liechty that "he had no significant health issues or spine history concerning either his cervical or lumbar spine" prior to the 2017 accident. Cobena did not disclose to Dr. Liechty that he had been involved in a motor vehicle accident in 2015, or that he suffered back injuries in that accident. Medical records from 2015 and 2016 indicate that Cobena reported severe neck and back pain after the 2015 accident.

On December 5, 2018, Dr. Troy Beaucoudray, a neurologist, examined Cobena who reported experiencing headaches and neck and back pain. Dr. Beaucoudray's report indicates that Cobena was found to be in no acute distress and well developed with moderate tenderness in the spine and an indication of spasms. Cobena claimed no significant past medical history and only reported the 2017 accident to Dr. Beaucoudray. Surveillance photographs taken the day before this appointment show that Cobena had been climbing on the roof of a house hanging Christmas lights for three hours.

Dr. Najeeb Thomas, a neurosurgeon, reviewed Cobena's MRI imaging taken on July 27, 2017 and found no acute or traumatic findings. Dr. Paul Koenigsberg, a neuroradiologist, also reviewed this imaging and noted degenerative disc disease with no evidence of acute or traumatic injury.

Cobena underwent a neuropsychological evaluation from Dr. Roberta Bell, a neuropsychologist, in early 2020 and claimed that he had a traumatic brain injury due to the 2017 accident. Cobena reported issues with headaches, dizziness, memory, forgetfulness, concentration, speech, language, motor coordination, anxiety, and irritability. Cobena denied any issues or history of illness prior to the accident. Dr. Bell's April 2020 report states that Cobena had "difficulty providing clear and accurate autobiographical information, including employment history"; and that he provided vague information regarding his work history, and gave

conflicting information. Medical records from 2016 indicate that Cobena regularly complained of headaches, dizziness, fatigue, irritability, forgetfulness, loss of memory, and light sensitivity, among other things.

On February 13, 2020, Dr. Chad Domangue, a neurologist and a psychiatrist, first evaluated Cobena for headaches and neck and back pain. Cobena again denied any prior medical conditions. At this evaluation, he claimed he lost consciousness during the 2017 accident even though after the accident he had denied losing consciousness or any head injury.

The defense also outlined numerous instances where Cobena either gave conflicting testimony or false information at his depositions. For example, Cobena denied ever being married until the defense presented documentation of his divorce. Cobena responded inaccurately regarding the number of children he had until it was finally revealed that he has three children. Cobena denied ever boxing but the defense presented video impeachment evidence of him sparring with another boxer with no physical limitations. Photographs and video of Cobena hitting a punching bag with no physical limitations were admitted into evidence. In addition, during his two depositions, Cobena denied the ability to recall information in response to over 200 questions.

After a bench trial, the trial court found that Ardon caused the accident and that the accident caused Cobena to suffer soft tissue injuries. The trial court awarded Cobena $35,000 in general damages and $10,000 in past medical expenses. Based on credibility issues with Cobena's testimony, the trial court found Cobena did not suffer any long term injuries to his cervical or lumbar spine or traumatic brain injury as alleged.

**LAW and ANALYSIS**

Cobena asserts a number of issues related to the trial court's finding that the 2017 accident only caused Cobena to suffer soft tissue injuries and not any long term

injury or traumatic brain injury, as well as the damage award of $35,000 in general damages and $10,000 in past medical expenses. Specifically, Cobena asserts that the trial court erred in failing to find that he suffered a traumatic brain injury, cervical and lumbar herniations, and a thumb fracture based on the medical expert testimony at trial. Cobena also asserts the trial court erred in not awarding the full amount of his past and future medical expenses and in awarding an abusively low amount of general damages.

In a personal injury case, the plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Stoll v. Allstate Ins. Co., 11-1006 (La. App. 5 Cir. 05/08/12), 95 So.3d 1089, 1095. The test for determining the causal relationship between the accident and subsequent injuries is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. Stoll, 95 So.3d at 1095, citing Powell v. Chabanais Concrete Pumping, Inc., 11-408 (La. App. 5 Cir. 12/28/11), 82 So.3d 548, 558; Mart v. Hill, 505 So.2d 1120, 1128 (La. 1987). Whether an accident caused a person's injuries is a question of fact that should not be reversed on appeal absent manifest error. Martin v. East Jefferson General Hosp., 582 So.2d 1272, 1276 (La. 1991).

In reviewing a trial court's findings of fact, appellate courts employ a "manifest error" or "clearly wrong" standard of review. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989); Arabie v. CITGO Petroleum, 10-2605 (La. 03/13/12), 89 So.3d 307, 312; Antill v. State Farm Insurance Co., 20-131 (La. App. 5 Cir. 12/02/20), 308 So.3d 388. An appellate court may not set aside a trier of fact's finding in the absence of manifest error. Rosell, *supra*. When there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. Rosell, *supra*; Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La. 1993).

Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, where conflict exists in the testimony. Hunter v. Terrebone, 18-134 (La. App. 5 Cir. 12/27/18), 263 So.3d 993, 997, writ denied, 19-144 (La. 3/18/19), 267 So.3d 90; Purvis v. Jefferson Par. Hosp. Serv., 16-434 (La. App. 5 Cir. 12/21/16), 209 So.3d 363, 372-73. The fact finder evaluates the credibility of both expert and lay witnesses to determine the most credible evidence. Id.

### The Alleged Traumatic Brain Injury

Cobena asserts the trial court erred in rejecting the expert testimony of his treating physicians and the extensive medical records finding that he suffered a traumatic brain injury related to the 2017 accident. He also asserts that the trial court erred in not awarding him all past and future medical expenses related thereto. Based on the record, we do not find the trial court's conclusion that Cobena's did not suffer a traumatic brain injury as a result of the 2017 accident to be manifestly erroneous or clearly wrong.

At the scene of the accident, Ardon observed that Cobena was conscious and speaking with the passengers in his vehicle. In addition, Cobena denied any loss of consciousness to EMS personnel and at the emergency room after the accident. EMS personnel noted that there were no visible signs of trauma. In fact, EMS administered four Glasgow Coma Scale tests to Cobena before arriving at the emergency room, all which produced normal results.

Cobena underwent testing at the emergency room following the accident. No abnormality was identified, and the emergency room records indicate that Cobena had no neurological deficits or evidence of head trauma from the accident. Cobena later reported to his doctors that he lost consciousness at the time of the accident but post-accident records and witnesses clearly contradict this assertion. In addition, medical records show that before the 2017 accident, Cobena claimed he suffered

from headaches, dizziness, forgetfulness and other similar ailments, but denied any prior issues to those physicians treating him after the 2017 accident.

Further, it is evident the trial court's findings were based on credibility determinations. The reasons for judgment specifically state "[b]ased on the credibility issues with plaintiff Cory Cobena's testimony coupled with the surveillance of Cory Cobena, the Court finds that plaintiff Cory Cobena did not suffer any long term injury resulting from the accident." When the trial court's findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Mancuso v. Poole, 03-119 (La. App. 5 Cir. 5/28/03), 848 So.2d 154, 161. Also, the weight to be given to a treating physician's opinions is largely dependent upon the physician's qualifications and the facts upon which his opinions are based. Lewis v. Ingles, 02-121 (La. App. 5 Cir. 7/30/02), 823 So.2d 1033, 1038, writ denied, 02-2463 (La. 11/22/02), 829 So.2d 1052; Bates v. Willis, 613 So.2d 691 (La. App. 5th Cir. 1993). The record supports a conclusion that Cobena concealed relevant facts and history from his treating physicians.

Having reviewed the record before us and considering the credibility issues, we cannot find that the trial court was manifestly erroneous in concluding that Cobena did not suffer a traumatic brain injury from this accident. Thus, we also find no error in the trial court's refusal to award Cobena medical expenses or general damages related to his alleged traumatic brain injury.

### The Alleged Back Injuries

Cobena asserts the trial court erred in rejecting the expert testimony and medical records of the treating physicians that he suffered a cervical herniation at C5-6 and a lumbar herniation L4-5 requiring extensive medical treatment. He also

asserts that the trial court erred in not awarding him all past and future medical expenses related thereto.

As noted above, the weight to be given even to a treating physician's opinions is largely dependent upon the facts upon which his opinions are based. Lewis, *supra*. Here, the record shows that Cobena's treating physicians had incomplete and/or inaccurate information regarding Cobena's previous injuries and residual symptoms, particularly his injuries from the 2015 accident. It was therefore within the trial court's vast discretion to reject the expert testimony of Cobena's treating physicians. Furthermore, CT imaging and x-rays taken at UMC identified no acute or traumatic injury to the back. In reviewing x-rays and scans taken of Cobena, multiple physicians found no acute abnormality and only degenerative disease issues.

Moreover, there was evidence presented showing Cobena working on automobiles, climbing on roofs and hanging Christmas lights, and boxing without any physical limitations after the 2017 accident. This evidence, if believed, shows that significant information was withheld from Cobena's treating physicians.

Considering the foregoing and the circumstances in this case, we find no manifest error in the trial court's determination that Cobena did not suffer any long term cervical or lumbar injuries as a result of the 2017 accident. We also find no error in the trial court's refusal to award Cobena medical expenses or general damages related to the alleged long term lumbar and cervical back injuries.

### *The Alleged Thumb Injury*

Cobena asserts the trial court erred in concluding that the injury to his left thumb was not caused by the 2017 accident. We disagree. There is no report of an injury to Cobena's left thumb after the accident at UMC. Cobena first reported his left thumb injury to Dr. Domangue on February 13, 2020, and Dr. Domangue had no idea when this injury first surfaced. Thus, we have no basis to conclude that the trial court's finding that Cobena did not suffer a thumb injury in the 2017 accident

is manifestly erroneous, especially considering contradictory evidence tending to show a lack of candor. Accordingly, we find no error in the trial court's refusal to award medical expenses or general damages for this alleged injury.

### Cobena's Medical Expenses Award

Cobena asserts the trial court erred in not awarding him all of his past medical expenses. The trial court awarded Cobena $10,000 for medical expenses related to his soft tissue injuries.

Special damages are those which have a "ready market value," such that the amount of the damages theoretically may be determined with relative certainty, and include past and future medical expenses. Gaspard v. State Farm Bureau Cas. Ins. Co., 13-0800 (La. App. 1 Cir. 9/24/14), 155 So.3d 24, 32. In a personal injury suit, the plaintiff bears the burden of proving a causal connection between the accident and the alleged injuries. Hunter, 263 So.3d at 997. The victim must establish that he incurred past medical expenses in good faith as a result of his injury. Menard v. Lafayette Ins. Co., 09-1869 (La. 3/16/10), 31 So.3d 996, 1006. When a plaintiff alleges he has incurred medical expenses as a result of injuries suffered in an accident and the treatment is supported by a bill, that evidence is sufficient evidence to support an award for past medical expenses unless there is sufficient contradictory evidence or reasonable suspicion that the bill is unrelated to the accident. Jackson v. Drachenburg, 19-345 (La. App. 5 Cir. 1/8/20), 288 So.3d 289, 293.

Because past medical expenses are special damages that are generally supported by medical bills submitted into evidence, the amount can typically be determined with substantial certainty. Here, the trial court awarded Cobena $10,000 for medical expenses, which does not appear to be based on specific medical bills presented at trial. According to the UMC invoice from the date of the accident submitted into evidence, Cobena's emergency room medical treatment from the date of the accident amounted to $12,632.15. An invoice from West Jefferson Medical

Center indicates that Cobena was charged $468.99 for the ambulance. In addition, an invoice from Shoemaker Chiropractic for treatment on July 7, 2017 related to the back pain amounts to $1,705.00. Based on these medical invoices, the record supports a finding that Cobena incurred $14,806.14 in medical treatment related to the 2017 accident. Because there are invoices which represent with mathematical certainty the amount of past medical expenses Cobena incurred due to the accident, we amend the judgment to award Cobena $14,806.14 for medical expenses.

### *Cobena's General Damage Award*

Cobena asserts the trial court's award of $35,000 in general damages is abusively low considering the injuries Cobena sustained.

The Supreme Court has recognized the great, even vast, discretion vested in the trier of fact in determining general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La. 1993), cert. den. 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). The assessment of the appropriate amount of general damages, by a trial judge or jury, is a determination of fact, one entitled to great deference on review. Hunter, 263 So.3d at 999. The role of the appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn, 623 So.2d at 1261.

The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. Howard v. Union Carbide Corporation, 09-2750 (La. 10/19/10), 50 So.3d 1251, 1256. Only after a determination that the trier of fact abused its discretion is a resort to prior awards appropriate, and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. Howard, 50 So.3d at 1256; Williams, 168 So.3d at 822; Youn, 623 So.2d at 1260.

Having considered the extensive record in its entirety, we find that the trial court's general damage award is clearly not manifestly erroneous or clearly wrong, but reflects its reasonable credibility choices and interpretations of the evidence.

### *Dr. Jeffrey Lewine's Supplemental Expert Report*

Cobena next asserts the trial court erred in not admitting Dr. Lewine's supplemental report. The trial court refused to admit this report because it was submitted untimely under the scheduling order. La. C.C.P. art. 1551 provides the trial court with great discretion in implementing pre-trial orders and ensuring that the items of the pre-trial order are enforced. Moonan v. Louisiana Med. Mut. Ins. Co., 16-113 (La. App. 5 Cir. 9/22/16), 202 So.3d 529, 533, writ denied, 16-2048 (La. 1/9/17), 214 So.3d 869. A party has a right to expect compliance with the pre-trial order by the opposing party, and prepare for trial accordingly. When a party's attorney fails to obey a pre-trial order, the court, *sua sponte* or on the motion of a party, may make such orders as are just, including an order prohibiting the disobedient party from introducing designated matters into evidence. Id. Absent an abuse of discretion, the trial court's decision whether to admit or exclude evidence upon objection on the grounds of failure to abide by the pre-trial order will be upheld. Cobena offers no basis to indicate that the exclusion of this report was an abuse of discretion, and the record does not support that conclusion. We therefore find no error in the trial court's exclusion of this report.

**DECREE**

For the reasons stated, the judgment is amended to increase the award of past medical expenses to $14,806.14, and is affirmed in all other respects.

**AMENDED, AND AFFIRMED AS AMENDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 3, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-630

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)

ERIN A. FISHER (APPELLANT)
MARK GERARD TAUZIER (APPELLEE)
LEO J. PALAZZO (APPELLEE)
CARL A. WOODS, III (APPELLEE)

JACQUELINE F. MALONEY (APPELLANT)
MICHAEL K. MELUCCI (APPELLEE)
MARIO A. ARTEAGA, JR. (APPELLEE)
ERIN BRUCE SAUCIER (APPELLEE)

ANTHONY V. LANASA, JR. (APPELLEE)
JASON J. MARKEY (APPELLEE)
ALEXANDER A. LAURICELLA
(APPELLEE)
FRANCIS H. BROWN, III (APPELLEE)

### MAILED
LAUREN A. DUNCAN (APPELLEE)
ATTORNEY AT LAW
149 NORTH NEW HAMPSHIRE STREET
COVINGTON, LA 70433

CALEB H. DIDRIKSEN, III (APPELLEE)
ATTORNEY AT LAW
3114 CANAL STREET
NEW ORLEANS, LA 70119

IRVY E. COSSE, III (APPELLEE)
KATELYN N. DONNELLY (APPELLEE)
ATTORNEYS AT LAW
1515 POYDRAS STREET
SUITE 1825
NEW ORLEANS, LA 70112

DESIREE M. CHARBONNET (APPELLEE)
ATTORNEY AT LAW
365 CANAL STREET
SUITE 1100
NEW ORLEANS, LA 70130

JON YEAGER (APPELLEE)
ATTORNEY AT LAW
2700 ATHANIA PARKWAY
METAIRIE, LA 70002

LARRY J. FELDMAN, JR. (APPELLEE)
ATTORNEY AT LAW
MCGLINCHEY STAFFORD
601 POYDRAS STREET
12TH FLOOR
NEW ORLEANS, LA 70130